IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                                    Magistrate No. 21-257

RACHEL POWELL

REQUEST FOR DETENTION

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Jessica Lieber Smolar, Assistant United States Attorney for said District, and, pursuant to 18 U.S.C. §§ 3142(e) and (f), hereby requests detention of the above-named defendant, and sets forth the following material factors in support thereof:

    ☒   1.   That no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of any other person and the community because:

        ☒   a.   Defendant is a danger to any other person or the community, and/or;

        ☒   b.   Defendant is a flight risk.

    ☒   2.   That the government is entitled to a detention hearing based upon the following:

        ☒   a.   Defendant is charged with a crime of violence as defined in 18 U.S.C. § 3156; or

        ☐   b.   Defendant is charged with an offense for which the maximum sentence is life imprisonment or death; or

☐    c.    Defendant is charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 <u>et</u> <u>seq.</u>), the Controlled Substances Import and Export Act (21 U.S.C. § 951 <u>et</u> <u>seq.</u>), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. § 1901 <u>et</u> <u>seq.</u>); or

☐    d.    Defendant is presently charged with a felony and has been convicted of two or more offenses described in subparagraph a-c above, or two or more State or local offenses that would have been offenses described in subparagraphs a-c above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

☐    e.    Defendant is charged with a felony which is not a crime of violence, but which involves:  a minor victim, possession or use of a firearm or destructive device (as those terms are defined in 18 U.S.C. § 921) or any other dangerous weapon, or the failure to register under 18 U.S.C. § 2250 (as required by the Sex Offender Registration and Notification Act); or

☒    f.    That a serious risk exists that defendant will flee; or

☒    g.    That a serious risk exists that defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

☐ 3. That a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community, in that the present case involves an offense described in paragraphs 2a-2e above and:

☐ a. Defendant has been convicted of a Federal offense described in subsection 2a-2e above, or of a State or local offense that would have been an offense described in subsection 2a-2e above if a circumstance giving rise to Federal jurisdiction had existed; and

☐ b. The offense described in paragraph 3a above was committed while defendant was on release pending trial for a Federal, State or local offense; and

☐ c. A period of not more than five years has elapsed since the date of defendant's conviction or release from imprisonment for the offense described in paragraph 3a, whichever is later.

☐ 4. That a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community, in that there is probable cause to believe that:

☐ a. Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), the

Maritime Drug Law Enforcement Act (46 U.S.C. App. § 1901 <u>et seq.</u>);or

☐ b. Defendant committed an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b, or an offense involving a minor victim under Sections 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of Title 18.

☐ 5. A Continuance of _____ day(s) is requested for the detention hearing based upon the following reasons:

_____

_____

☐ 6. Good cause for a continuance in excess of three days exists in that:

_____

_____

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


By:     <u>s/ Jessica Lieber Smolar</u>
        JESSICA LIEBER SMOLAR
        Assistant U.S. Attorney
        PA ID No. 65406